UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY CHARLES HICKONBOTTOM,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>JANE PARNELL,<br><br>　　　　　　　　Respondent. | Case No.  C10-5030RBL/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**January 28, 2011** |

　　This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(A) and (B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

　　The petition was signed one day after the one year statute of limitations had run.  The petition is time barred and the court recommends the petition be dismissed.

　　Petitioner is seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from a state conviction out of the Pierce County Superior Court for one count of possession of cocaine with

REPORT AND
RECOMMENDATION - 1

intent to deliver (ECF No. 6). Petitioner pled guilty (ECF No. 13, Exhibit 1). He was sentenced on May 2, 2008, to sixty months and one day (ECF No. 6).

Respondent did not answer the petition on the merits and instead moves to dismiss the petition as time barred (ECF No. 13). Petitioner's response to the motion was of no help to the court (ECF No. 15). Because the petition was time barred by one day, and respondent had not addressed whether there are any justified reasons for the delay, the court ordered additional briefing (ECF No. 16).

The additional briefing has been considered and the court concludes that this action is time barred pursuant to 28 U.S.C. 2244 (d) (1) (A), because petitioner waived his right to appeal his sentence when he pled guilty.

PROCEDURAL HISTORY

Petitioner pled guilty to possession of a controlled substance with intent to deliver (ECF No. 13, Exhibit 1). He was sentenced on May 2, 2008. In Washington state, when a person enters a guilty plea he waives the right to file an appeal. Washington v. Smith, 134 Wn. 2d 849, 953 P.2d 810 (1998). The one-year federal statute of limitations began to run on May 3, 2008. See 28 U.S.C. 2244 (d) (1) (A). Petitioner filed a personal restraint petition in the Washington Court of Appeals on March 12, 2009, stopping the running of the one-year time limit (Dkt. # 13, Exhibit 2). 314 days had elapsed when the personal restraint petition was filed. The Washington Court of Appeals dismissed the petition on July 8, 2009 (Dkt. # 13, Exhibit 5). The statute of limitation did not begin to run because petitioner filed for discretionary review with the Washington State Supreme Court (Dkt. # 13, Exhibit 6).

The Washington State Supreme Court denied review on November 12, 2009 (Dkt. # 13, Exhibit 7). The remaining 51 days of the one-year time framed began to run on November 13,

REPORT AND RECOMMENDATION - 2

2009. The time for filing a federal habeas corpus action expired on January 2, 2010. Petitioner signed his petition on January 3, 2010. The petition was received by the court on January 6, 2010 (Dkt. # 1 and 6).

## **EVIDENTIARY HEARING NOT REQUIRED**

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

## DISCUSSION

There is a one-year statute of limitations on habeas corpus petitions. This time limit was part of the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996. 28 U.S.C. § 2244(d) provides as follows:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A)     the date on which the judgment became final by conclusion

REPORT AND
RECOMMENDATION - 3

        of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Here, petitioner pled guilty and waived his right to file a direct appeal. (Responsive Briefing ECF No. 17, page 2). The judgment became final when entered on May 2, 2008, and May 3, 2008, was day one on the one-year statute of limitations. The statute ran uninterrupted until March 12, 2009, when petitioner filed his personal restraint petition. Three hundred and fourteen days of the three hundred and sixty five day time frame had elapsed. The statute began to run the day after the Washington Supreme Court concluded review of the motion for discretionary review. Thus, November 13, 2009 was day three hundred and fifteen. January 2, 2010 was day three hundred and sixty five and the last day petitioner had to file a habeas corpus petition. The petition is dated January 3, 2010 and is time bared. This court recommends that the petition be DISMISSED WITH PREJUDICE as time barred.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C.

REPORT AND
RECOMMENDATION - 4

§ 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

This petition should be DISMISSED WITH PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 28, 2011, a**s noted in the caption.

DATED this 3rd day of January, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 5